UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Civil No. ELH-23-2058
Criminal No. ELH-19-0160

DEMETRIOS STAVRAKIS

Appellant/Petitioner

v.

UNITED STATES OF AMERICA

Appellee/Respondent

## NOTICE OF APPEAL AND REQUEST FOR CERTIFICATE OF APPEALABILITY

Notice is hereby given the Petitioner in the above named case, hereby appeals to the United States Court of Appeals for the Fourth Circuit from a final order denying Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 USC Section 2255 (ECF 406 "Petition"), motion for the appointment of counsel (ECF 405 "Motion"), and request for leave to conduct discovery (ECF 425 "Discovery Request"), entered in this action on the 3rd day of July, 2024. (See ECF 440 "Order".)

Petitioner hereby timely files his notice of appeal of the same above pursuant to 28 USC Section 2107 and Fed. R. Civ. P. 4(a).

This Court possess jurisdiction to hear this appeal pursuant to 28 USC Sections 1291 and 2253(a) and Fed. R. Civ. P. 54(a).

The Petitioner has filed with the district court in the above named case to proceed in forma pauperis in the district court action and requests leave from this Court to proceed in this appeal in forma pauperis pursuant to Fed. R. App. P. 24(a) due to his inability to pay.

Herenow, the petitioner requests this Appellate Court for the issuance of a certificate of appealability ("COA") as to all the claims discussed below regarding his Section 2255 motion, motion for appointment of counsel and his requested leave to conduct discovery, pursuant to 28 USC Section 2253(c).

## I. ARGUMENT

### A. LEGAL STANDARD FOR THE CERTIFICATE OF APPEALABILITY

Under the AEDPA of 1996, a habeas petitioner cannot appeal from a district court judgement unless he obtains first a COA. See 28 USC 2253. To obtain a COA the petitioner must make a "substantial showing of the denial of a constitutional right." 28 USC 2253(c). This requires a showing that "reasonable jurists could debate ... whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 US 473, 484 (2000). If the district court denies relief on procedural grounds, a COA will be issues only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id, at 478.

Petitioner incorporates by reference the arguments in his Petition and Reply to the government's opposition. Petitioner will not repeat all his arguments here, but simply note key points.

### B. PETITIONER IS ENTITLED TO A CERTIFICATE OF APPEALABILITY

**1. Ineffective Assistance of Trial and Appellate Counsel Claims.**

The district court, in concluding that Petitioner has not established that he received ineffective assistance of counsel, it found none of his five claims as viable.

Petitioner's first claims (see Ground Two at 7, and Reply at III.E.) that trial counsel was ineffective by failing to object to the prosecutor's leading question posed to ATF Specialist Greene where his answer in the affirmative would reasonably lead the jury to believe that surveillance video files from the server were in fact not copied to the DVD given to the ATF. The court found "[i]t is clear from the context that ATF Greene affirmed that he would not be able to tell just from examining the DVD that there were simply no file on the server in the first place. (Opinion at 25.) Clearly reasonable jurist could debate whether this claim should have been resolved differently.

Petitioner's second claim for relief (see Ground Nine at 21-22, and Reply at III.A.) is that trial counsel failed to consult an expert regarding the contents of the DVD to prove the surveillance video server hard drives were in an advanced state of physical deterioration and in fact failed after the fire, that the surveillance videos stored on the drives were not tampered with, and the drives disappearance was not a coverup but inadvertent. The district court found that testimony form expert Blazer Catzen was sufficient to support the defense's theory that the surveillance system hard drives failed (Opinion at 26.) However, Catzen's testimony lacked the physical proof that would have been provided through the expert testimony regarding the quality of the contents of the DVD. Reasonable jurists would find it highly contentions to maintain that is is not reasonably probable that but for the omission of the additional expert testimony contemplated the outcome of the trial would have been different.

Petitioner's third claim (see Ground Seventeen at 33, and Reply at III.E.) of ineffective assistance of counsel, in closing defense counsel refers to Petitioner as an "otherwise law-abiding citizen" and stated that "they also tried to replace the security system. The government just criticized them for not upgrading and not integrating, but that's just what they were trying to do under the policy, to protect the property." The jury would have understood these statements as

admissions of guilt, and as such highly prejudicial. However, the district court disagreed in is assessment. (Opinion at 27-29.) Thus, reasonable jurists would find such contrary conclusion highly debatable.

Petitioner's fourth claim (see Grounds Eleven and Twelve at 26-27, and Reply at III.E.) that both trial and appellate counsel were ineffective by inadequate legal arguments and erroneous account of the facts pertaining to Count Three, Wire Fraud, (the correct account of the facts is found in Ground Ten) with respect to the motion for acquittal (and renewed motion), objection to the willful blindness instruction, and closing arguments.

Further, appellate counsel was ineffective in his representation that by not raising any of the other claims raised in the Petition (and Reply) he merely appealed the trial court's denial of the motion for acquittal and for new trial. The arguments raised by Petitioner in his Section 2255 motion are "significant and obvious" and also "clearly stronger" that those raised by appellate counsel which were nearly doomed to fail. See United States v. Harris, 394 F.3d 543, 557-58 (7th Cir. 2005); United States v. Hicks, 368 F.3d 801, 804-05 (7th Cir. 2004)(stating that the standard of review for insufficiency claim is "daunting"). Without providing a reason the court ruled otherwise (Opinion at 29.) Clearly reasonable jurists could find the resolution of these claims debatable.

**2. Prosecutorial Misconduct in Violation of Petitioner's Right to Due Process of the Law.**

Petitioner raised in his Section 2255motion eight claims of prosecutorial misconduct. The following such claims, each alone or in some combination, so infected the trail with unfairness as to make the resulting conviction a denial of due process.

Petitioner's first claims (see Ground One at 5-7, and Reply at III.A.1.) that the prosecutor committed misconduct by leading AFT Specialist Greene to testify to the effect that surveillance

footage of the time of the fire had been deliberately withheld. The district court concluded otherwise. (Opinion at 36.) As discussed above reasonable jurists would find the court's conclusion debatable.

Petitioner's second claim (see Ground Three at 7-7, and Reply at III.A.2.) of misconduct, the prosecutor knowingly elicited false testimony from ATF McKinnies "that there was no handle or latch allowing the roof hatch to be opened for the outside."

Petitioner's third claim (see Ground Four at 8-11, and Reply at III.A.3.) of misconduct, the prosecutor knowingly sought false testimony from firefighter Anthony Cianferano that the front office doors were unlocked.

Petitioner's fourth claim (see Ground Six at 11-14, and Reply at III.A.4.) of misconduct the prosecutor knowingly elicited false testimony from Detective Reno that "missing" surveillance footage of the fire at Adcor showed a human figure lighting the fire at the DNC hut.

In respect of claims two, three and four above, proper adjudication of there claims requires additional evidentiary development. (See Discovery Request.) Also, more factual support demonstrating good cause for the requested discovery is found at Reply at III.B.

Petitioner's fifth claim (see Ground Seven at 14-15, and Reply at III.A.5.) of misconduct on direct examination the prosecutor lies to the jury by suggesting in his questioning of employee Michael Hyatt that a prior arson had occurred at Adcor. While the district court's interpretation of the question in issue may be correct (Opinion at 37-38), but when the same question is repeated with specificity the common understanding is that the second question is asking about another arson that is not the subject of the proceeding question. Clearly reasonable jurists could debate whether this claim should have been resolved differently.

Petitioner's sixth claim (see Ground Thirteen at 27-28, and Reply at III.A.6.) of misconduct, the prosecutor in closing rebuttal falsely imputed to Petitioner guilty knowledge of the fire, and such "inference" is contradicted by the testimony that the prosecutor purportedly derives such guilt from. To allow a prosecutor to encourage the jury to draw certain inferences that contradict the evidence would be both improper and unduly prejudicial. The district court's factual rationale for its ruling is unclear (Opinion at 39), and thus reasonable jurists could debate whether this claim should have resolved differently.

Petitioner's seventh claim (see Ground Fourteen at 30-31, and Reply at III.A.7.) of misconduct, the prosecutor in closing for the purpose of deceiving the jury lies by arguing that because there were no acts of looting and vandalism the arson could not have been motivated by revenge when all the evidence was in fact consistent with the definition of a revenge motivated fire. Again, to allow a prosecutor to encourage the jury to draw certain inferences that contradict the evidence would be both improper and unduly prejudicial. The district court's factual rational for its ruling is unclear (Opinion at 39), and thus reasonable jurists could debate whether this claim should have resolved differently.

Petitioner's eighth claim (see Ground Fifteen at 31-32, and Reply at III.A.8.) of misconduct, the prosecutor in closing rebuttal lied to the jury referring to the can of methanol as a "drug." As fully argued in the Reply proper adjudication of the claim requires additional evidentiary development.

**C. Violation of Petitioner's Right to Due Process of the Law.**

Petitioner claims due process violation (see Ground Ten at 22-26) as the government produced insufficient evidence to withstand a motion for acquittal regarding Count Three, Wire Fraud, nor to support the jury instruction of willful blindness, There was no evidence of Petitioner having any knowledge of the actual damage to the security and video surveillance system, nor knowledge of any scheme to defraud the insurance company.

However, the district court rejected granting relief on this ground, finding Petitioner's arguments to be substantially the same as those previously made to the district court and the appellate court. (Opinion at 41-42.) In arriving to its conclusion, the district court tried the facts in an incomplete manner, thus the legal and factual rational for its ruling is unclear and highly debatable. Furthermore, proper adjudication of this claim requires additional evidentiary development. (See Discovery Request.)

**D. Newly Discovered Evidence of Actual Innocence.**

Petitioner claims that the "missing" tape found in the photo of the entryway at the foot of the propped open front-office door (see Ground Five at 11, and Reply at III.C.), this newly discovered evidence, proves that the arsonist did not enter through the font-office doors. While the photo was not new as it was presented as evidence at trial, the discovery of the tape after the close of all evidence was new.

Portioner also claims that corrupt video of the DVD containing 24 hours of surveillance footage prior to the Adcor file and the witness testimony describing the extent of the corrupted footage is the newly discovered evidence that the hard drives storing the video captured by the surveillance cameras was n fact in an advanced state of physical deterioration, proving that the hard drives did in fact fail. (See Ground Eight at 15-21, and Reply at III.C.)

As the district court did not directly address these claims in its opinion reasonable doubt exists whether the court "fully and fairly adjudicated the matter." Furthermore, proper adjudication of these claims may require additional evidentiary development (see Discovery Request), and the hiring of an expert witness as requested.

**E. Motion for the Appointment of Counsel.**

Petitioner motioned the district court to appoint a lawyer to represent him in connection with the Petition. (See Motion.) While there is no Sixth Amendment right to counsel in collateral proceedings, the district court did not appoint counsel finding it was not in the interest of justice.

As Petitioner is in need of legal assistance to engage an expert witness, seek discovery, depose witnesses, and conduct an evidentiary hearing a reasonable jurist could reasonably agree on a different result. Furthermore, Petitioner renews his motion for appointment of counsel to this Appellate Court requesting that due to the complexity and difficulty of the issues for this appeal and the claims of actual innocence, granting this motion would be in the interest of justice.

**F. Discovery Request.**

Even though ultimately it is unknown whether Petitioner will obtain evidence sufficient to support a finding of prosecutorial misconduct (Grounds Three, Four, and Six), due process violation (Ground Ten), and newly discovered evidence of actual innocence (Grounds Five and Eight), Petitioner has made a sufficient showing to establish "good cause" for discovery, as required by Section 2255, Rule 6(a). Given the facts of this case, the district court abused its discretion to not permit any discovery.

A habeas petitioner, while unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course. However, according to the Rules Governing Section 2255 Cases, Rule 6(a) provides:

"[A] party shall be entitled to invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."

Before addressing whether Petitioner is entitled to discovery under this rule to support his claims for subordination of false testimony, the "essential elements" of that claim must be identified. See United States v. Armstrong, 517 US 456, 468 (1996). In any event, difficulties of proof aside, there is no question that, if it could be proved, such foreknowledge on the part of the prosecutor of the false testimony that are the subjects of Grounds Three, Four, and Six, such prosecutorial misconduct violates the due process clause of the Fifth Amendment.

Turning to the question whether Petitioner has shown "good cause" for appropriate discovery to prove his claims, from the facts plead and arguments made regarding prosecutorial misconduct (Grounds Three, Four, and Six at 7-8, 8-11, 11-14, and Reply at III.A.2-4.), Due process violation (Ground Ten at 22-26), and newly discovered evidence of actual innocence (Grounds Five and Eight at 11, 15-21, and Reply at III.C.), Petitioner has clearly made a sufficient showing of "good cause" for discovery under Rule 6(a).

In Harris, the Supreme Court stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for adequate inquiry." Harris v. Nelson, 394 US 286, 300 (1969).

The reasons given by the district court for denying Petitioner's request for discovery (the court stated in its opinion that some of the requested items [but not all] 'were' produced by the government at discovery, and defense counsel had the ability to interview Goodman)(Opinion at 45), are incomplete in its treatment with regards to the items requested for discovery, and, furthermore, highlights the inadequacy of Petitioner's legal representation.

Petitioner has made a sufficient showing, as required by Rule 6(a), to establish "good cause" for discovery, and thus, given the facts of this particular case, the district court abused its discretion not permitting any discovery.

## II. CONCLUSION

For the reasons stated, Petitioner request this Appellate Court to grant as Certificate of Appealability as to all portions of each claim raised.

DATED: 07/26/24

Respectfully submitted,

/s/ _____

Demetrios Stavrakis, pro se

**CERTIFICATE OF SERVICE**

I, Demetrios Stavrakis, hereby certify that on this 26TH day of July, 2024, a copy of the forgoing Notice of Appeal and Request for the Certificate of Appealability was sent by first class mail to:

Paul Bulow, AUSA
Office of the United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201

Clerk of Court
United States Courthouse
101 West Lombard Street, Room 4415
Baltimore, Maryland 21201-2605

/s/ _____
Demetrios Stavrakis, pro se