

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Paul E. Budlow*                    *Suite 400*                  *DIRECT: 410-209-4917*
*Assistant United States Attorney*  *36 S. Charles Street*       *MAIN: 410-209-4800*
*Paul.Budlow@usdoj.gov*             *Baltimore, MD 21201-3119*   *FAX: 410-962-3091*

August 18, 2025

Honorable Ellen L. Hollander
United States District Judge
District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

  Re: United States v. Demetrios Stavrakis
    Case #:  ELH-19-0160
    <u>Government's Supplemental Opposition to Defendant's Motion for a Reduced
    Sentence</u>

Dear Judge Hollander:

  After submitting the government's response (ECF 462) to the defendant's motion for a reduced sentence, the government received additional records from the Bureau of Prisons (BOP), including additional medical reports and records relating to the defendant's designation at in the BOP. The records are attached to this filing under seal as Exhibits 5 and 6.  Combined with the medical records submitted as Exhibits 1 through 3 to ECF 407 and Exhibit 4 to ECF 462, three things are clear:

  First, the defendant is being seen at four separate chronic care clinics (referenced as "ccc" in the medical records) within the BOP: (1) endocrine lipids; (2) general chronic care (which includes oncology); (3) hypertension; and (4) orthopedics and rheumatology.  Exhibit 4 at 8. Notably, oncologist Ron Allison, MD, examined the defendant on July 17, 2025 and described his many improvements.  Exhibit 5, at 1-2.

  Second, based on conversations with staff at Butner, the defendant is not suffering from "severe malnutrition."  Although he *was* losing weight following treatment and may still be considered a little underweight, his weight has been stable for a few months.  Exhibit 4, at 70-71. In fact, even at his stable weight, the defendant is still technically categorized as overweight. Exhibit 4 at 1.  The records reflect that the defendant's swallowing has improved, his appetite and taste returned, all of which will help with maintaining and gaining weight.  Exhibit 4, at 5, 37. Regardless, the clinical director at FMC Butner reports that the defendant's weight is an appropriate BMI and is in a surveillance period, to which there have not been concerns about him losing any additional weight.  Further, the defendant is under the care of a dietician (Exhibit 4, at 54), and is pending an additional visit with the dietitian for further monitoring.

Third, the defendant's health has improved so significantly that he no longer needs to be in a full-time medical facility. As the Court is aware, the defendant was transferred to FMC Butner, a BOP medical center, in June 2024 for intensive treatment of his cancer diagnosis. The defendant remained full time at the medical center until May 2025, when the defendant was transferred from FMC Butner to FCI Butner Low, more consistent with his security classification. Exhibit 6, at 1-2. FCI Butner Low (BUF on Exhibit 6) is a separate building from FMC Butner but is on the same complex and the defendant will be transported to the medical facility for all necessary appointments.

These facts support the conclusion that the defendant is receiving appropriate medical care and that he has failed to show extraordinary and compelling circumstances to justify a reduction in his sentence.

Thank you for your consideration of this supplemental information.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney

Cc:    Christopher Madiou, Counsel for Defendant